**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SHELLEY SROUR, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

FORSTER & GARBUS, LLP,

Defendant.

Civil Action Number:

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff SHELLEY SROUR ("Plaintiff"), a New York resident, bring this class action complaint by and through her attorneys, Varacalli & Hamra, LLP, against Defendant FORSTER & GARBUS, LLP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff are seeking damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events

or omissions giving rise to the claim occurred in this Judicial District.

6. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of New York.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant is a corporation with a principal place of business in Commack, NY.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 17, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the LVNV FUNDING LLC ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of the FDCPA.
- The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from

Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS SPECIFIC TO SHELLEY SROUR**

15. Defendant alleges Plaintiff owes a debt ("the debt").

16. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17. The debt was incurred on a credit card.

18. The debt was incurred on a credit card issued by Credit One Bank, NA.

19. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

20. Sometime after the incurrence of the debt Credit One Bank, NA. assigned the debt to Creditor.

21. Thereafter, at an exact time known only to Defendant, Creditor assigned or otherwise transferred the debt to Defendant for collection.

22. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated March 17, 2017 ("**Exhibit A**").

23. Said letter stated the amount of the debt to be "BALANCE DUE as of March 17, 2017: $726.15"

24. The letter states:

> If your economic condition is preventing you from paying this debt in full, we can help by offering you a substantial savings to settle this account forever. You can choose from the following plans:
>
> One payment of $435.69, a savings of 40% which we shall expect by April 19, 2017.

25. The letter also states: "Unless you notify this office within ***30 days after receiving this notice*** that you dispute the validity of this debt…, this office will assume this debt is valid." (emphasis added).

26. The letter states, "Please mail all correspondence and payments to the address listed below."

27. The letter was the initial communication Plaintiff received from Defendant.

28. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692g(a)(3) and 1692e**
**Suggesting a Dispute Must be Made in Writing**

29. Plaintiff repeat and reallege the foregoing paragraphs as if fully restated herein.

30. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

31. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

32. There is no requirement that the consumer dispute the debt in writing.

33. It is a violation of FDCPA to require disputes be made in writing.

34. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(3) statement.

35. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(3) statement.

36. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

37. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

38. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

39. The letter states, "Please mail all correspondence and payments to the address listed below."

40. The above-quoted language overshadows the required 15 U.S.C. § 1692g(3) statement and therefore violates 15 U.S.C. § 1692g.

41. The above-quoted language contradicts the required 15 U.S.C. § 1692g(3) statement and therefore violates 15 U.S.C. § 1692g.

42. The above-quoted language, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement and therefore violates 15 U.S.C. § 1692g.

43. The above-quoted language, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement and therefore violates 15 U.S.C. § 1692g.

44. The above-quoted language, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

45. The above-quoted language, when examined from the perspective of the least sophisticated consumer, contradicts the validation notice in that it would make the least sophisticated consumer uncertain as to her right to dispute the debt by something other than in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

46. The above-quoted language, when examined from the perspective of the least sophisticated consumer, contradicts the validation notice in that it would make the least sophisticated consumer confused as to her right to dispute the debt by something other than in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

47. The above-quoted language, when examined from the perspective of the least sophisticated consumer, overshadows the validation notice in that it would make the least sophisticated consumer uncertain as to her right to dispute the debt by something other than in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

48. The above-quoted language, when examined from the perspective of the least sophisticated consumer, overshadows the validation notice in that it would make the least sophisticated consumer confused as to her right to dispute the debt by something other than in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

49. Defendant’s letter, when examined from the perspective of the least sophisticated consumer, overshadows the validation notice in that it would make the least sophisticated consumer uncertain as to her right to dispute the debt by something other than in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

50. Defendant's letter, when examined from the perspective of the least sophisticated consumer, contradicts the validation notice in that it would make the least sophisticated consumer uncertain as to her right to dispute the debt by something other than in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

51. Defendant's letter, when examined from the perspective of the least sophisticated consumer, overshadows the validation notice in that it would make the least sophisticated consumer confused as to her right to dispute the debt by something other than in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

52. Defendant's letter, when examined from the perspective of the least sophisticated consumer, contradicts the validation notice in that it would make the least sophisticated consumer confused as to her right to dispute the debt by something other than in writing. As such, the above-quoted language violates 15 U.S.C. § 1692g.

53. Defendant's conduct, as set forth above, violates § 1692g.

54. Because the letter is reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing, it is deceptive within the meaning of 15 U.S.C. § 1692e.

55. The letter can reasonably be read by the least sophisticated consumer to mean that that a writing is necessary to dispute the debt, when the consumer, in actuality, can dispute the debt in something other than a writing. As such, the letter violates 15 U.S.C. § 1692e.

56. The least sophisticated consumer would likely be deceived by Defendants' conduct.

57. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

58. The least sophisticated consumer would likely be deceived into believing that a writing is necessary to dispute the debt, when the consumer, in actuality, can dispute the debt in something other than a writing. As such, the letter violates 15 U.S.C. § 1692e.

59. Defendants' conduct violates 15 U.S.C. § 1692e.

## SECOND COUNT
**Violation of 15 U.S.C. §§ 1692g(b) and 1692e**
**Demanding Payment During Validation Period – Overshadowing**

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

61. 15 U.S.C. § 1692g(a) provides that within five days after the initial

communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

62. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

63. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

64. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

65. 15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

66. A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

67. Demanding payment during the validation period, where such would make the least sophisticated debtor uncertain as to her rights, is a violation of 15 U.S.C. § 1692g(b).

68. Demanding payment during the validation period, where such would make the least sophisticated consumer confused as to her rights, is a violation of 15 U.S.C. § 1692g(b).

69. The letter is dated March 17, 2017.

70. The letter demands payment by April 19, 2017.

71. The letter states, which hereinafter is defined as the "Demand for Payment Language":

> If your economic condition is preventing you from paying this debt in full, we can help by offering you a substantial savings to settle this account forever. You can choose from the following plans:
>
> One payment of $435.69, a savings of 40% which we shall expect by

April 19, 2017.

72. The letter also states: "Unless you notify this office within ***30 days after receiving this notice*** that you dispute the validity of this debt…, this office will assume this debt is valid." (emphasis added).

73. The Demand for Payment Language overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

74. The Demand for Payment Language overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

75. The Demand for Payment Language overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

76. The Demand for Payment Language is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

77. The Demand for Payment Language is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

78. The Demand for Payment Language is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

79. The Demand for Payment Language is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

80. The Demand for Payment Language can reasonably be read by the least sophisticated consumer to mean that payment must be made by April 19, 2017, when the consumer, in actuality, has the full 30-days from the receipt of the letter to dispute the debt and not make payment by April 19, 2017. As such, the Demand for Payment Language violates 15 U.S.C. § 1692e.

81. The Demand for Payment Language can reasonably be read by the least sophisticated consumer to mean that payment must be made by April 19, 2017, when the consumer, in actuality, has the full 30-days from the receipt of the letter to demand verification of the debt and not make payment by April 19, 2017. As such, the Demand for Payment Language violates 15 U.S.C. § 1692e.

82. The Demand for Payment Language can reasonably be read by the least sophisticated consumer to mean that payment must be made by April 19, 2017, when the consumer, in actuality, has the full 30-days from the receipt of the letter to request the name and

address of the original creditor and not make payment by April 19, 2017. As such, the Demand for Payment Language violates 15 U.S.C. § 1692e.

83. The least sophisticated consumer would likely be deceived into believing that the Demand for Payment Language means that payment must be made by April 19, 2017, when the consumer, in actuality, has the full 30-days from the receipt of the letter to dispute of the debt and not make payment by April 19, 2017. As such, the Demand for Payment Language violates 15 U.S.C. § 1692e.

84. The least sophisticated consumer would likely be deceived into believing that the Demand for Payment Language means that payment must be made by April 19, 2017, when the consumer, in actuality, has the full 30-days from the receipt of the letter to demand verification of the debt and not make payment by April 19, 2017. As such, the Demand for Payment Language violates 15 U.S.C. § 1692e..

85. The least sophisticated consumer would likely be deceived into believing that the Demand for Payment Language means that payment must be made by April 19, 2017, when the consumer, in actuality, has the full 30-days from the receipt of the letter to request the name and address of the original creditor and not make payment by April 19, 2017. As such, the Demand for Payment Language violates 15 U.S.C. § 1692e.

86. 15 U.S.C. § 1692g(b) provides, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

87. 15 U.S.C. § 1692g(b) provides further, "[C]ollection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor."

88. Defendant's letter states that payment by April 19, 2017, will make Defendant stop collections on the account (the "Stop Collections Language").

89. Such duty to stop collection efforts is not contingent upon Plaintiff making any payment to Defendant by April 19, 2017.

90. The Stop Collections Language would likely lead the least sophisticated consumer to believe that payment by April 19, 2017, is the only way to make Defendant stop collections on the account.

91. The Stop Collections Language would likely lead the least sophisticated consumer to forgo his or her right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

92. The Stop Collections Language would likely lead the least sophisticated consumer to forgo his or her right to request verification of the debt, in violation of 15 U.S.C. § 1692g(b).

93. The Stop Collections Language would likely lead the least sophisticated consumer to forgo his or her right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

94. The Stop Collections Language overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

95. The Stop Collections Language overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

96. The Stop Collections Language overshadows the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

97. The Stop Collections Language is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

98. The Stop Collections Language is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

99. The Stop Collections Language is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

100. The "Stop Collections Language" is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, and therefore violates 15 U.S.C. § 1692e.

101. The "Stop Collections Language" can reasonably be read by the least sophisticated consumer to mean that payment by April 19, 2017, is the only way to make Defendant stop collections on the account, when the consumer, in actuality, has right to get the Defendant to stop collections on the account by disputing the debt rather making payment by April 19, 2017. As such, the Stop Collections Language violates 15 U.S.C. § 1692e.

102. The “Stop Collections Language” can reasonably be read by the least sophisticated consumer to mean that payment by April 19, 2017, is the only way to make Defendant stop collections on the account, when the consumer, in actuality, the consumer has the right to get the Defendant to stop collections on the account by demanding verification of the debt rather making payment by April 19, 2017. As such, the Stop Collections Language violates 15 U.S.C. § 1692e.

103. The “Stop Collections Language” can reasonably be read by the least sophisticated consumer to mean that payment by April 19, 2017, is the only way to make Defendant stop collections on the account, when the consumer, in actuality, the consumer has the right to get the Defendant to stop collections on the account by demanding the name and address of the original creditor rather making payment by April 19, 2017. As such, the Stop Collections Language violates 15 U.S.C. § 1692e.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives, and Salim Katach, Esq., as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys’ fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A; and

g. Awarding Plaintiff and the Class such other relief that the Court determines is just and proper.

Dated: September 5, 2017

Respectfully submitted,

By: /s/ Salim Katach
Salim Katach, Esq.
Varacalli & Hamra, LLP

*Attorneys for Plaintiff*
110 East 59th Street, Suite
3200 New York, New York
10022 (646) 590-0571

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 5, 2017

Respectfully Submitted,
By: /s/ *Salim Katach*
Salim Katach